## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KEVIN KAIGLER (#566932)**                                      **CIVIL ACTION NO.**

**VERSUS**                                                                        **18-350-JWD-SDJ**

**JAMES M. LeBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 24, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KEVIN KAIGLER (#566932)**                              **CIVIL ACTION NO.**

**VERSUS**                                                              **18-350-JWD-SDJ**

**JAMES M. LeBLANC, ET AL.**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Dismiss filed on behalf of Defendants, Butch H. Browning, Shirley Coody, Jimmy Guidry, Joseph Lamartiniere, James M. LeBlanc, and Darryl Vannoy.[1] The Motion is unopposed. For the following reasons, the undersigned recommends the Motion be granted.

**I.    Background**

The *pro se* Plaintiff Kevin Kaigler, an inmate confined at the Louisiana State Penitentiary, Angola, Louisiana instituted this action pursuant to 42 U.S.C. § 1983 against James M. LeBlanc, Darryl Vannoy, Shirley Coody, Joseph Lamartiniere, Butch H. Browning, and Jimmy Guidry on March 27, 2018.[2] Kaigler alleges unconstitutional conditions of confinement and also complains of the handling of his grievance.[3] He seeks declaratory, injunctive, and monetary relief.[4]

**II.    Law & Analysis**

    **A.  Standard of Review**

---

[1] R. Doc. 19.
[2] R. Doc. 1.
[3] R. Doc. 1, p. 12.
[4] R. Doc. 1, pp. 13-14.

In *Bell Atlantic Corp. v. Twombly*,[5] and *Ashcroft v. Iqbal*,[6] the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[7] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9] It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"[10] "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[11]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint."[12] Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[13] Moreover, the federal pleading rules simply require a "short and plain statement of the claim showing that the pleader is entitled to relief."[14] The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted.[15]

---

[5] 550 U.S. 544 (2007).
[6] 556 U.S. 662 (2009).
[7] *Twombly,* 550 U.S. at 555.
[8] *Iqbal,* 556 U.S. at 678, *quoting Twombly*, 550 U.S. 544.
[9] *Id.*
[10] *Id.* at 679.
[11] *Id.* at 678 (internal quotation marks omitted).
[12] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[13] *Id.* (citation omitted).
[14] Fed. R. Civ. P. 8(a)(2).
[15] *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502–03 (5th Cir. 2014).

Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation,"[16] or "naked assertions [of unlawful conduct] devoid of further factual enhancement."[17]

### B. Kaigler has failed to state a claim regarding his conditions of confinement

The conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits the unnecessary and wanton infliction of pain.[18] The prohibition against cruel and unusual punishment mandates that prisoners be afforded humane conditions of confinement and that they receive adequate food, shelter, clothing, and medical care.[19] To maintain his claim of an Eighth Amendment violation, Plaintiff must meet two requirements. First, Plaintiff must show that his confinement resulted in a deprivation that was "objectively, sufficiently serious," which means that "the inmate must show that he is incarcerated under conditions posing a substantial risk of harm."[20] The Eighth Amendment does not mandate comfortable prisons; however, it does not permit inhumane ones.[21] "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."[22] Nonetheless, conditions may not be "grossly disproportionate to the severity of the crime warranting imprisonment."[23] The Supreme Court has defined a "sufficiently serious" deprivation under the Eighth Amendment as the denial of "the minimal civilized measure of life's necessities."[24] Accordingly, to demonstrate unconstitutional

---

[16] *Papasan v. Allain*, 478 U.S. 265, 286 (1986)
[17] *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).
[18] *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).
[19] *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).
[20] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation and citation omitted).
[21] *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999).
[22] *Rhodes*, 452 U.S. at 347.
[23] *Id.*
[24] *Farmer*, 511 U.S. at 834.

conditions of confinement, the plaintiff must first show that he has been denied some basic human need.[25]

Second, the inmate must show that a prison official was deliberately indifferent to inmate health or safety.[26] A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[27] Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action."[28] Subjective recklessness as used in the criminal law is the appropriate test for deliberate indifference.[29]

Kaigler complains of numerous conditions of confinement, which he allege violate his rights under the Eight Amendment. Plaintiff complains of overcrowding of his dorm, lack of sufficient plumbing, double-bunking, insufficient ventilation, leaking toilets and urinals, insufficient security, and other various conditions, which make the prison uncomfortable.[30] Kaigler takes specific issue with the alleged drainage problems in the restrooms of his dorm, which allegedly caused him to develop a rash.[31]

With respect to these complaints, because Kaigler fails to allege that any Defendant knew the conditions complained of posed any risk of harm, let alone a serious risk of harm, the plaintiff's claims must fail. One requirement of the deliberate indifference analysis requires that the plaintiff show the official or officials knew of the risk to inmate health or safety.[32] Plaintiff does not make

---

[25] *See Harris v. Angelina County, Texas*, 31 F.3d 331, 334 (5th Cir. 1994).
[26] *Farmer*, 511 U.S. at 834.
[27] *Id.* at 837.
[28] *Southard v. Texas Bd. Of Criminal Justice*, 114 F.3d 539, 551 (5th Cir. 1997).
[29] *Farmer*, 511 U.S. at 838-40.
[30] R. Doc. 1, pp. 8-9.
[31] R. Doc. 1, p. 9.
[32] *Id.* at 837.

this allegation with respect to any defendant named. The *only* risk of harm evident in Kaigler's complaint is with respect to the leaking toilets in the dorm's bathrooms, and the only evident risk posed, based on the complaint, is the risk that he may develop a rash.[33] According to the complaint, it appears that the only individual who knew of Plaintiff's rash was an unnamed EMT, who is not a defendant.[34] Since the allegations of the complaint do not indicate that any defendant knew of any risk of harm posed to Kaigler, his claims must fail. Further, even presuming the named defendants were aware of the conditions complained of and that Kaigler may have been at some risk of harm, the defendants are entitled to qualified immunity, which they have pled.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks.[35] Taking the facts as alleged in the light most favorable to the plaintiff, the Court considers whether the defendant's conduct violated the plaintiff's constitutional rights and whether the rights allegedly violated were clearly established at the time that the violation occurred. Under *Pearson v. Callahan*, courts have discretion to decide which of the two prongs of the analysis to address first.[36] This inquiry is undertaken in light of the specific context of the case, not as a broad, general proposition. To determine whether a constitutional right was clearly established, The Court must decide whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation he confronted.

---

[33] Plaintiff also alleges the dorm environment is "conducive to violence," but does not provide any facts regarding any violence that has occurred in his dorm. R. Doc. 1, pp. 9-10. Plaintiff has failed to provide any specific facts indicating a risk of serious harm due to violence in his dorm, and the conclusory assertion provided is insufficient to state a claim.
[34] Based upon Plaintiff's complaint, it does not appear he was, in fact, exposed to any risk of serious harm. Though developed a rash in a "few incidents," nothing in the complaint indicates this was serious. R. Doc. 1, p. 9.
[35] *Huff v. Crites*, 473 Fed.Appx. 398 (5th Cir. 2012).
[36] 555 U.S. 223, 236 (2009) (concluding that the rigid protocol mandated in *Saucier v. Katz*, 533 U.S. 194 (2001) – that called for consideration of the two-ponged analysis in a particular order – should not be "regarded as an inflexible requirement").

5

While ordinarily one who pleads an affirmative defense has the burden to establish his entitlement to that defense, where a defendant pleads qualified immunity and shows he is a governmental official whose position involves the exercise of discretion, the plaintiff has the burden to rebut the defense by establishing that the defendant's allegedly wrongful conduct violated clearly established law.[37] To defeat the qualified immunity defense, a plaintiff's complaint must allege specific facts that, if proved, would show the official's conduct violated clearly established constitutional or statutory rights. Although a plaintiff can file a detailed reply to address the assertion of the qualified immunity defense, that is only required if the complaint is not sufficiently detailed to create a genuine issue as to the illegality of the defendant's conduct.[38] If the pleadings on their face show an unreasonable violation of a clearly established constitutional right, the assertion of the qualified immunity defense is insufficient to sustain a Rule 12(b)(6) motion to dismiss.[39]

The Fifth Circuit addressed application of the qualified immunity defense in a conditions of confinement case and stated as follows: "*Farmer* requires only that prison officials act *reasonably* in dealing with prison conditions that they know to be dangerous or inhumane."[40] The Fifth Circuit found that because the plaintiffs had not pled specific facts indicating that the defendant's conduct was unreasonable, the defendant was entitled to qualified immunity.[41] Thus, even presuming that the defendants herein knew of the conditions complained of, Kaigler still had to plead specific facts from which this Court could infer the defendants acted unreasonably with respect to those conditions.

---

[37] *Pierce v. Smith*, 117 F.3d 866, 871-72 (5th Cir. 1997) (quotations and citations omitted).
[38] *Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (*en banc*).
[39] *Shipp v. McMahon*, 234 F.3d 907, 912 (5th Cir. 2000), *overruled in part on other grounds by McClendon v. City of Columbia*, 305 F.3d 314 (5th Cir. 2002) (*en banc*).
[40] *Lott v. Edenfield*, 542 Fed.Appx. 311, 316 (5th Cir. 2013) (emphasis added).
[41] *Id.*

6

Kaigler's complaint is devoid of these specific facts. He states in a conclusory fashion that "Coody, during her term as supervisor…was recklessly and callously indifferent to the unsanitary and deplorable conditions…failed to take the necessary steps to eradicate the drainage problem from which plaintiff's injury resulted,"[42] Kaigler makes similar allegations against Browning and Guidry, alleging they observed the "inhumane conditions" but failed to eradicate the deficiencies.[43] Simply failing to "eradicate" complained of conditions does not provide sufficient specific facts to demonstrate that the defendants did not act reasonably, and thus, these defendants are entitled to qualified immunity.[44]

With respect to LeBlanc, no facts indicate LeBlanc *knew* of the conditions Kaigler complains of, but even if LeBlanc were aware of the conditions, Plaintiff fails to state a claim because, although Kaigler alleges LeBlanc "caused the conditions," the facts alleged do not support this assertion.[45] Kaigler's only real allegation against LeBlanc is that he authorized double-bunking, which Plaintiff alleges eventually caused the conditions to deteriorate as a result of overcrowding, but double-bunking is not itself unconstitutional,[46] and the causal connection between permitting double bunking and all conditions of which Plaintiff complains is too attenuated to meet the plausibility standard of Rule 12.[47]

Similarly, Kaigler's allegations against Vannoy do not indicate that Vannoy was either aware of the conditions or that he acted unreasonably with respect to the conditions, so Plaintiff

---

[42] R. Doc. 1, p. 11.
[43] R. Doc. 1, pp. 12-13.
[44] Kaigler also names Lamartiniere as a defendant but does not at all allege that he had any knowledge of the conditions of confinement or that he acted unreasonably. Rather, Kaigler's claims against Lamartiniere appear to be due to Kaigler's dissatisfaction with Lamartiniere's response to Kaigler's grievance. To the extent Plaintiff is attempting to make a due process claim based thereon, such a claim fails, as no inmate has the right to have their grievances properly handled, investigated, or resolved. *See Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005).
[45] R. Doc. 1, pp. 11-12.
[46] *Barrow v. Vannoy*, No. 18-442, 2019 WL 2130237, at *2 (M.D. La. May 1, 2019), *report adopted by Barrow v.Vannoy*, No. 18-442, 2019 WL 2127314 (M.D. La. May 15, 2019) (collecting cases).
[47] *See Segner v. Sinclair Oil & Gas Company*, 2012 WL 12885055 at *21 (N.D. Tex. June 4, 2012).

7

cannot state a claim against Vannoy. Further, Kaigler's allegations against Vannoy appear to be solely due to his supervisory role at LSP, and such a claim is not cognizable under § 1983.[48] Because Kaigler has only provided conclusory allegations and has failed to plead any specific facts from which the Court may infer that any of the named defendants responded to the conditions in a way that any reasonable official in their respective positions would understand to be unacceptable, defendants are entitled to qualified immunity.[49]

To the extent that the plaintiff's allegations may be interpreted as seeking to invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[50] In the instant case, having recommended dismissal of the plaintiff's claims, the Court further recommends that the exercise of supplemental jurisdiction on any state law claims be declined.

## RECOMMENDATION

**IT IS RECOMMENDED** that the Motion to Dismiss be **GRANTED** and that Kevin Kaigler's claims be **DISMISSED, WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction.

---

[48] *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992).
[49] *Lott*, 542 Fed. Appx. at 316 (holding that defendants were entitled to qualified immunity on a motion to dismiss where the plaintiffs only alleged that no steps had been taken to remediate the alleged unconstitutional conditions at the prison without providing more specific facts). Because the Court concludes that the plaintiff's claims should be dismissed for the reasons discussed above, it is unnecessary at this time to consider whether the conditions described in the complaint would violate the plaintiff's Eighth Amendment rights, clearly established or otherwise.
[50] 28 U.S.C. § 1367.

Signed in Baton Rouge, Louisiana, on July 24, 2020.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

9